ORTIZ & ORTIZ, L.L.P.
127 Livingston Street, 2nd Floor
Brooklyn, New York 11201
Norma E. Ortiz
Tel. (718) 522-1117

Hearing Date:   June 17, 2009
Time:   10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                                  Case No. 06-12765 (MG)

ANDREW VELEZ CONSTRUCTION, INC.,                  Chapter 11

                                            Debtors.
--------------------------------------------------------x

## NOTICE OF HEARING ON DEBTOR'S FIRST OMNIBUS OBJECTION TO CLAIMS NUMBERED 33, 35, 36 AND 37 SEEKING TO EXPUNGE AND OR DISALLOW CERTAIN CLAIMS

**PLEASE TAKE NOTICE,** that upon the annexed objection dated May 12, 2009 (the "Objection") of Andrew Velez Construction, Inc., debtor and debtors-in possession (the "Debtor"), the undersigned will move before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court of the Southern District of New York, United States Customs House, One Bowling Green, New York, New York 10004-1408, on the 17th day of June, 2009 (the "Hearing Date") at 10:00 a.m., or as soon thereafter as counsel may be heard, for the entry of an order pursuant to Section 502 of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (The "Bankruptcy Code"), expunging and disallowing

**Proof of Claim Number 33 filed by New York City Partnership**

**Proof of Claim Number 35 filed by the N.Y.S. Dept. of Taxation**

**Proof of Claim Number 36 filed by FMB Corporation, and**

**Proof of Claim Number 37 filed by Cyan Contracting**.

The Debtor may request such other and further relief as is just and equitable.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the aforesaid hearing if you do not object to the relief requested in the Objection.

**PLEASE TAKE FURTHER NOTICE**, that any response to the Objection must (a) be in writing and (b) must be filed with the Clerk of the Bankruptcy Court electronically at www.nysb.uscourts.gov.  If you do not have the ability to file the objection electronically, you may file the objection with the Clerk of the Court, U.S. Bankruptcy Court, One Bowling Green, New York, New York 10004.  A copy of your written objection on a 3.5 inch diskette in Word, WordPerfect or pdf format should be provided simultaneously to the Clerk of the Court.  A copy of the objection must be provided to (a) the Chambers of the Honorable Martin Glenn, (b) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, and (c) Ortiz & Ortiz, LLP, 127 Livingston Street, Brooklyn, NY 11201, so as to be received no later than three (3) days before the hearing.  The objection must comply with the Bankruptcy Rules and the Local Bankruptcy Rules of the court and must state with particularity the legal and factual bases for such objection.

Dated: 12 May 2009
Brooklyn, New York

> *S/Norma E. Ortiz*
> Norma E. Ortiz
> Leitha M. Ortiz-Lesh
> ORTIZ & ORTIZ, L.L.P.
> 127 Livingston Street
> Brooklyn, New York 11201
> Tel. (718) 522-1117

Norma E. Ortiz, Esq. (4748)
ORTIZ & ORTIZ, L.L.P.
127 Livingston Street
Brooklyn, New York, 11201
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In Re:                                          Confirmed Chapter 11

ANDREW VELEZ CONSTRUCTION, INC.,                 Case No. 06-12765 (MG)

            Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### DEBTOR'S FIRST OMNIBUS OBJECTION TO CLAIMS THIRTY-THREE (33), THIRTY-FIVE (35), THIRTY-SIX (36), AND THIRTY-SEVEN (37) SEEKING TO EXPUNGE AND/OR DISALLOW CERTAIN CLAIMS

TO THE HONORABLE MARTIN GLENN,
UNTIED STATES BANKRUPTCY COURT:

        Andrew Velez Construction, Inc. (the "Debtor"), by its attorneys Ortiz & Ortiz, L.L.P.,

hereby objects to the Proof of Claims numbered Thirty-Three (33), filed by New York City

Partnership, Thirty-Five (35), filed by the New York State Department of Taxation, Thirty-Six

(36), filed by FMB Corporation, and Thirty-Seven (37) filed by Cyan Contracting.  In support

thereof, the Debtor states as follows:

#### Background

        1.      The Debtor filed a voluntary Chapter 11 petition on November 21, 2006.

        2.      By order of this Court September 28, 2007, was fixed as the last date to file

claims against the estate.

## OBJECTION TO LATE CLAIMS

**Claim Number 36 - FMB Corp.**

3.      On November 6, 2007, FMB Corp filed a proof of claim asserting a general unsecured claim in the amount of $58,316.00.  A copy of the claim is annexed hereto as Exhibit A.  This claim was filed thirty-nine (39) days after the bar date.

4.      FMB Corp was listed in Debtor's Amended Schedules filed on May 31, 2007, as a disputed claim.  They had actual notice of the proceedings and were served with notice of all proceedings requiring such notice from May 2007 to the present, including the bar date notice.

**Claim Number 35 - New York State Department of Taxation**

5.      On October 18, 2007, the New York State Department of Taxation filed a proof of claim asserting a priority claim in the amount of $1,000.00.  A copy of the claim is annexed hereto as Exhibit B.  This claim was filed twenty (20) days after the bar date.

6.      The New York State Department of Taxation had actual knowledge of the bankruptcy proceedings as is evidenced by an additional proof of claim which they filed on May 24, 2007. The October 18, 2007, proof of claim is a new distinct claim and not listed as an amendment to the previous proof of claim filed in May 2007.

7.      By this Objection, the Debtor seeks an order under 11 U.S.C. §§ 102(1), 105(a), 502(b), and Fed. R. Bankr. P. 3007 disallowing and expunging the above listed claims against the Debtor as untimely.

## OBJECTION TO DISPUTED CLAIMS

**Claim Number 37 - Cyan Contracting Corporation**

8.      On February 22, 2008, Cyan Contracting Corporation ("Cyan") filed a proof of

claim asserting a general unsecured claim in the amount of $1,000,000.00.  A copy of the claim

is annexed hereto as Exhibit C.  This claim was filed almost five (5) months after the bar date.

9.       In June of 2001, Cyan entered into a contract with the Dormitory Authority of the

State of New York to commence a construction project at the Queens Supreme Court.  The

Debtor was the construction manager for that project.

10.      On September 14, 2007, Cyan filed a summons and complaint against The

Dormitory Authority of the State of New York ("DASNY") listing the Debtor as a Co-

Defendant.

11.      On December 11, 2007, upon receipt of the Summons and Complaint, Debtor

contacted counsel for Cyan and notified them of the instant bankruptcy proceeding.  A copy of

the letter to Cyan's counsel is annexed as Exhibit D.  Cyan did not seek an order for relief from

the automatic stay, or any other form of relief, permitting it to proceed against the debtor.  The

Summons and Complaint is based upon an series of events that occurred prior to the bankruptcy

filing.

12.      Cyan alleges in its complaint that it has suffered damages due to the actions of the

Debtor as an agent of DASNY and as a separate entity.  Cyan does not specify the amount a

damages it is seeking against the Debtor in its complaint.

13.      The Debtor denies the allegations as set forth in the Cyan complaint and believes

that any damages allegedly suffered by Cyan were caused by the actions of other parties.  As

such the proof of claim filed by Cyan against the Debtor should be disallowed and expunged.

**Claim Number 33 - New York City Partnership Housing Development**

14.      On September 28, 2007, the New York City Partnership Housing Development

("NYCPHD") filed a proof of claim asserting a general unsecured claim in the amount of $1,431,048.00.  A copy of the claim is annexed hereto as Exhibit E.

15.     Prior to the bankruptcy filing, NYCPHD entered into a contract with Melrose Place Housing Corporation ("Melrose Place"), which provided that Melrose Place was to perform certain work, including the building of a retainer wall on the property located on Bryant and Longfellow Avenues, in Bronx County.

16.     In 2006, NYCPHD filed a summons and complaint against Melrose Place naming the Debtor as its "doing business as" (d/b/a).  NYCPHD alleged that it had suffered damages due to the actions of Melrose Place.

17.     Melrose Place is a separate corporate entity from the debtor, as is demonstrated by the New York State Department of State Division of Corporation Entity Information documents attached hereto as Exhibit F.

18.     On March 29, 2007, upon receipt of the Summons and Complaint, Debtor contacted counsel for NYCPHD and notified them of the instant bankruptcy proceeding.  A copy of the letter sent by the debtor to NYCPHD is annexed hereto as Exhibit G.

19.     On May 25, 2007, NYCPHD continued its action against Melrose Place and filed a motion for default judgment.  The motion was granted as to liability only on June 26, 2007.  A hearing to determine damages was held on September 18, 2007, at which time NYCPHD was awarded a judgment against Melrose Place for $1,431,048 plus interest.  This judgment is the basis for their claim against the Debtor.

20.     The Debtor disputes the claim submitted by NYCPHD on the grounds that the judgment awarded is against Melrose Place and not the Debtor.  Melrose Place is a separate

corporate entity and does not conduct business under the name "Andrew Velez Construction, Inc." Moreover, any judgment obtained against the debtor was obtained in knowing violation of the automatic stay provision of the Bankruptcy Code, set forth in 11 US.C. § 362. Therefore, the proof of claim filed by NYCPHD against the Debtor should be disallowed and expunged.

21.     For the reasons stated above, the Debtor seeks an order under 11 U.S.C. §§ 102(1), 105(a), 502(b), and Fed. R. Bankr. P. 3007 disallowing and expunging the Proof of Claims numbered thirty-three (33), thirty-five (35) and thirty-six (36) against the Debtor.

22.     The Debtor further contends that Cyan's Proof of Claim numbered thirty-seven does not substantiate the basis for its claim against the Debtor. Therefore, unless the claim is amended to provide further documentation of the basis for asserting the amount claimed, the claim should be disallowed and expunged.

## Notice

23.     The Debtor served this objection on above-stated Creditors and the U.S. Trustee. It is respectfully submitted that such notice is adequate.

## Reservation of Rights

24.     The Debtor reserves the right, if necessary, to amend, modify, or supplement the objections raised herein, or raise additional objections, based upon information discovered during the claims resolution process.

WHEREFORE, the Debtor respectfully requests entry of an order disallowing and/or

expunging the claims, as requested above, and granting any further relief deemed just.

Dated: Brooklyn, New York
     12 May 2009

*S/Norma E. Ortiz*
Norma E. Ortiz, Esq. (NO 4748)
ORTIZ & ORTIZ, L.L.P.
127 Livingston Street
Brooklyn, New York 11220
Tel. (718) 522-1117
Debtor's Counsel

Exhibit A
**(Claim Number 36 - FMB Corp.)**

FORM B10 (Official Form 10) (04/07)

| United States Bankruptcy Court - Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>**Andrew Velez Construction Inc.** | Case Number<br>**06-12765(MG)** |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>*FMB, Inc.*<br><br>Name and address where notices should be sent:<br><br>**FMB, INC.**<br>**70 SUPOR BLVD.**<br>**HARRISON, NJ 07029**<br><br>Telephone number: **973-485-5544** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | This Space is for Court Use Only |
|---|---|---|

| Last 4 digits of account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim dated:_____ |
|---|---|

**1. Basis for Claim**
- ☒ Goods sold
- ☒ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date) (date)

**2. Date debt was incurred:**  2006

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that describe your claim and state the amount of the claim at the time case filed.
*See reverse side for important explanations.*

Unsecured Nonpriority Claim $  58,316

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in the secured claim, if any: $_____

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).
* Amounts are subject to adjustment on 4/1/2010 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed: $**  58,316 (unsecured)  _____ (secured)  _____ (priority)  58,316 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space is for Court Use Only

R E C ' V E

NOV - 6 2007

B : _____
SO DIST OF NEW YORK

| Date<br>11-1-07 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*Thomas R. Cluvin, Controller* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# Application and Certificate for Payment

**TO OWNER:**
VELEZ
2 PARK AVENUE
NEW YORK NY 10016

CUST # VELEZ

**FROM CONTRACTOR:**
FMR, INC.
70 SUPOR BLVD.
HARRISON, NJ 07029

CON ED

**PROJECT:** CON ED

**VIA ARCHITECT:**

**JOB #** 0212

| | |
|---|---|
| **APPLICATION NO:** | 11 |
| **PERIOD TO:** | 10/31/2006 |
| **CONTRACT FOR:** | |
| **CONTRACT DATE:** | 11/08/2004 |
| **PROJECT NOS:** | |

**Distribution to:**
OWNER ☐
ARCHITECT ☐
CONTRACTOR ☐
FIELD ☐
OTHER ☐

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with the Contract.
Continuation Sheet, is attached.

| | |
|---|---|
| 1. ORIGINAL CONTRACT SUM ......................................... | $ 585,000.00 |
| 2. Net change by Change Orders ...................................... | $ 211,317.00 |
| 3. CONTRACT SUM TO DATE (Line 1 ± 2) ........................ | $ 796,317.00 |
| 4. TOTAL COMPLETED & STORED TO DATE (Column G on 6031.S1) ... | $ 522,797.00 |
| 5. RETAINAGE: | |
| a. 10.00% of Completed Work | |
| (Column D + E on 6031.S1) | $ 52,279.70 |
| b. .00% of Stored Material | |
| (Column F on 6031.S1) | $ 0.00 |
| Total Retainage (Lines 5a + 5b or Total in Column 1 of 6031.S1) ... | $ 52,279.70 |
| 6. TOTAL EARNED LESS RETAINAGE | $ 470,517.30 |
| (Line 4 Less Line 5 Total) | |
| 7. LESS PREVIOUS ~~CERTIFICATE FOR PAYMENTS~~ ........ | $ 412,201 ~~440,986~~ |
| (Line 6 from prior Certificate) | |
| 8. CURRENT PAYMENT DUE ................................ | $ 58316 ~~40233~~ |
| 9. BALANCE TO FINISH, INCLUDING RETAINAGE | |
| (Line 3 less Line 6) | $ 325,799.70 |

### CHANGE ORDER SUMMARY

| CHANGE ORDER SUMMARY | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Total changes approved in previous months by Owner | $ 195,680.00 | $ 0.00 |
| Total approved this Month | $ 15,637.00 | $ 0.00 |
| TOTALS | $ 211,317.00 | $ 0.00 |
| NET CHANGES by Change Order | $ 211,317.00 | |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

CONTRACTOR: _(signature)_

By: _(signature)_ Date: 10/23/06

State of: New Jersey
County of: Hudson

Subscribed and sworn to before
me this 23 day of October 2006

Notary Public: _(signature)_

My Commission expires:

**THOMAS M. PLEASC**
**NOTARY PUBLIC OF NEW JERSEY**
Commission Expires 4/28/2008

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising this application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED ........................................ $ _____

(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)

ARCHITECT:

By: _____ Date: _____

This Certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

REORDER FORM NO. 804.S1

# Continuation Sheet (Instructions on reverse side.)

APPLICATION AND CERTIFICATE FOR PAYMENT,
containing Contractor's signed Certification, is attached.
In tabulations below, amounts are stated to the nearest dollar.
Use Column 1 on Contracts where variable retainage for line items may apply.

APPLICATION NO.: 11
APPLICATION DATE: 10/23/2006
PERIOD TO: 10/31/2006
ARCHITECT'S PROJECT NO:

| A ITEM NO. | B DESCRIPTION OF WORK | C SCHEDULED VALUE | D FROM PREVIOUS APPLICATION (D + E) | E THIS PERIOD | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G ÷ C) | H BALANCE TO FINISH (C - G) | I RETAINAGE (IF VARIABLE RATE) |
|---|---|---|---|---|---|---|---|---|---|
| | | | | WORK COMPLETED | | | | | |
| 01 | DRAWINGS/SUBMITTALS | 45,000.00 | 45,000.00 | | | 45,000.00 | 100.00 | | |
| 02 | MOBILIZATION | 20,000.00 | 20,000.00 | | | 20,000.00 | 100.00 | | |
| 03 | STAIR "A" W/RAILING | 50,000.00 | 45,000.00 | | | 45,000.00 | 90.00 | 5,000.00 | |
| 04 | STAIR "B" W/RAILING | 50,000.00 | 45,000.00 | | | 45,000.00 | 90.00 | 5,000.00 | |
| 05 | RAIL/MESH @ STAIR B | 56,000.00 | | | | | | 56,000.00 | |
| 06 | ELEV PIT LADDER | 2,000.00 | 2,000.00 | | | 2,000.00 | 100.00 | | |
| 07 | EL SUMP PIT GRATING | 1,500.00 | 1,500.00 | | | 1,500.00 | 100.00 | | |
| 08 | ELEV SILL ANGLE | 1,500.00 | 1,500.00 | | | 1,500.00 | 100.00 | | |
| 09 | ROOF LADDER | 4,000.00 | 4,000.00 | | | 4,000.00 | 100.00 | | |
| 10 | LNTELS/SHELF ANGLES | 8,000.00 | 8,000.00 | | | 8,000.00 | 100.00 | | |
| 11 | RAIL AT RAMPS & STRS | 22,000.00 | | | | | | 22,000.00 | |
| 12 | SHIP'S LADDERS @ ROOF | 16,000.00 | 16,000.00 | | | 16,000.00 | 100.00 | | |
| 13 | SCREEN WALL AT ROOF | 200,000.00 | 200,000.00 | | | 200,000.00 | 100.00 | | |
| 14 | FENCE/GATE @ PARKING | 70,000.00 | | | | | | 70,000.00 | |
| 15 | SUPPORTS FOR PRECAST | 16,000.00 | 16,000.00 | | | 16,000.00 | 100.00 | | |
| 16 | BOLLARDS | 5,000.00 | 5,000.00 | | | 5,000.00 | 100.00 | | |
| 17 | SUPPORTS @ EXIST GAR | 13,000.00 | | 13,000.00 | | 13,000.00 | 100.00 | | |
| 18 | SEISMEC CLIPS | 5,000.00 | 5,000.00 | | | 5,000.00 | 100.00 | | |
| | CONTRACT | 585,000.00 | 414,000.00 | 13,000.00 | .00 | 427,000.00 | | 158,000.00 | .00 |
| 19 | C.O.1 | 22,800.00 | 2,280.00 | | | 2,280.00 | 10.00 | 20,520.00 | |
| 20 | C.O.2 | 3,873.00 | 3,873.00 | | | 3,873.00 | 100.00 | | |
| 21 | C.O.3 | 3,239.00 | 3,239.00 | | | 3,239.00 | 100.00 | | |
| | PAGE TOTALS: | 614,912.00 | 423,392.00 | 13,000.00 | .00 | 436,392.00 | | 178,520.00 | .00 |

REORDER FORM # 603LS1

# Continuation Sheet (Instructions on reverse side.)

APPLICATION AND CERTIFICATE FOR PAYMENT,
containing Contractor's signed Certification, is attached.
In tabulations below, amounts are stated to the nearest dollar.
Use Column 1 on Contracts where variable retainage for line items may apply.

APPLICATION NO.: 11
APPLICATION DATE: 10/23/2006
PERIOD TO: 10/31/2006
ARCHITECT'S PROJECT NO:

| A ITEM NO. | B DESCRIPTION OF WORK | C SCHEDULED VALUE | WORK COMPLETED | | F MATERIALS PRESENTLY STORED (NOT IN D OR E) | G TOTAL COMPLETED AND STORED TO DATE (D+E+F) | % (G ÷ C) | H BALANCE TO FINISH (C - G) | I RETAINAGE (IF VARIABLE RATE) |
| | | | D FROM PREVIOUS APPLICATION (D + E) | E THIS PERIOD | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 22 | C.O. 4 | 10,794.00 | 10,794.00 | | | 10,794.00 | 100.00 | | |
| 23 | C.O. 5 | 105,000.00 | 10,000.00 | | | 10,000.00 | 9.52 | 95,000.00 | |
| 24 | C.O. 6 | 32,587.00 | 32,587.00 | | | 32,587.00 | 100.00 | | |
| 25 | C.O. 7 | 1,619.00 | 1,619.00 | | | 1,619.00 | 100.00 | | |
| 26 | C.O. 8 | 15,768.00 | 15,768.00 | | | 15,768.00 | 100.00 | | |
| 27 | C.O. 9 | 3,928.00 | | 3,928.00 | | 3,928.00 | 100.00 | | |
| | CHANGE ORDERS | 199,608.00 | 80,160.00 | 3,928.00 | | 84,088.00 | | 115,520.00 | |
| 28 | AWA 3361 | 695.00 | | 695.00 | | 695.00 | 100.00 | | |
| 29 | AWA 3363-RST @ STR B | 5,478.00 | | 5,478.00 | | 5,478.00 | 100.00 | | |
| 30 | AWA 3364-VANITY SUP | 3,917.00 | | 3,917.00 | | 3,917.00 | 100.00 | | |
| 31 | AWA 3368 | 1,619.00 | | 1,619.00 | | 1,619.00 | 100.00 | | |
| | ADD'L CHANGES | 11,709.00 | .00 | 11,709.00 | .00 | 11,709.00 | 100.00 | .00 | .00 |
| | JOB TOTALS : | 796,317.00 | 494,160.00 | 28,637.00 | .00 | 522,797.00 | | 273,520.00 | 52,279.70 |

Exhibit B
(Claim Number 35 - New York State Department of Taxation)



**New York State Department of**
**Taxation and Finance**

**Bankruptcy Section**
**P O Box 5300**
**Albany NY 12205-0300**

**(518) 457-3160**

**Case number:** 06-12765 MG
**Refer to this number for inquiries**

**Total claim amount:** $1,000.00

## Pre-Petition Proof of Claim

**Taxpayer ID#:** B-11-2966657-5

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
ONE BOWLING GREEN, ROOM 631
NEW YORK, NY  10004-1408
```

This is a statement of tax liabilities for ANDREW VELEZ CONSTRUCTION, INC..  Penalty and interest for each liability is computed to 11/21/2006.

### Unsecured Priority Liabilities

| Tax Type | Period End | Notice Number | Tax | Penalty | Interest | Total | Type |
|---|---|---|---|---|---|---|---|
| CORP | 09/30/2006 | L-029276588-2 | 1,000.00 | 0.00 | 0.00 | 1,000.00 | EST |
|  |  |  |  |  | Total $ | 1,000.00 |  |

Current Annual Interest Rates by Tax Type: Corporation - 10%
Liability Type Descriptions: EST - Estimated (No Return Filed)

TC-988 (10/00)      071010180103000030

Exhibit C
(**Claim Number 37 - Cyan Contracting Corporation**)

FORM B10 (Official Form 10) (10/05)

| United States Bankruptcy Court    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| Andrew Velez Construction, Inc. | 06-12765 |

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Cyan Contracting Corporation | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent: Karl Silverberg c/o Cyan Contracting Corp. King & King LLP 27-12 37th Ave. , Long Island City, New York 11101 | ☑ Check box if you have never received any notices from the bankruptcy court in this case. |
| | ☐ Check box if the address differs from the address on the envelope sent to you by the court. |
| Telephone number: 718-896-6554 | This space is for Court Use Only |

| Last four digits of account or other number by which creditor identifies debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____ |
|---|---|

| 1. Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (Fill out below) |
| ☐ Money loaned | Last four digits of your SS#: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☑ Other Negligence and Breach of Contract | (date)         (date) |

| 2. Date debt was incurred: January 2005 | 3. If court judgment, date obtained: |
|---|---|

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $ 1,000,000
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $_____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle    ☐ Other_____
Value of Collateral:   $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5. Total Amount of Claim at Time Case Filed: $ | 1,000,000 | | | 1,000,000 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (Total) |

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1/18/2008 | Karl Silverberg, Attorney for Cyan Contracting Corp. |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Peter M. Kutil
Karl Silverberg

——————————

Law Clerk
Brendan Hennessey

LAW OFFICES

# KING & KING LLP

27 -12  37th Avenue
Long Island City, N.Y. 11101
718-896-6554
fax: 718-275-5081
e-mail: ksilverberg@king-king-law.com

George A. King (1855-1938)
William B. King (1861-1930)

January 18, 2008

## Proof of Claim

| | |
|---|---|
| **Debtor:** | **Andrew Velez Construction, Inc.** |
| **Creditor:** | **Cyan Contracting Corporation** |
| | **350 Paddock Way** |
| | **Mattituck, New York 11952** |
| **Case #:** | **06-12765, SDNY, Chapter 11** |

Creditor Cyan Contracting Corporation's ("Cyan's") claim results from debtor Andrew Velez Construction, Inc.'s ("Velez") negligence and breach of contract as construction manager for the Dormitory Authority of the State of New York ("DASNY") on a project known as the Queens Supreme Court – Contract 81052/CR200.

Cyan was one of a number of prime contractors on the Queens Supreme Court project. Cyan performed fire suppression work, such as sprinkler system installation under a contract with DASNY. Velez's job, among other things, was to coordinate the various trades such as the sprinkler contractor, the electrical contractor, the mechanical contractor, and the general trades contractor. Cyan asserts that Velez was negligent in the performance of its duties. Cyan also claims that Cyan was a third-party beneficiary of the contract between Velez and DASNY and that Velez breached its obligations to Cyan.

Because of the nature of Cyan's claims against Velez, there are no documents directly supporting the claim.

A more detailed explanation of the claim follows:

Failure of the Coordination Drawing Process: The normal coordination drawing process, whereby the trades would coordinate utility pathways and other issues, was a failure. Cyan particularly needed to coordinate its work with the sheet-metal and HVAC work, but this did not occur because the coordination drawings were never made available. Cyan had to manufacture work at the site as opposed to more efficiently pre-fabricating its work. In addition, coordination issues had to be resolved in the field as opposed to more efficiently planning things ahead so that work could progress without interruption.

Failure to provide access to the site: Velez failed to have furniture removed from the court's ante and jury rooms, thereby hindering Cyan's progress. Velez failed to make the

Andrew Velez Construction, 06-12765, SDNY, Chapter 11
January 18, 2008
Page 2 of 2

site available in the evening and night and on the weekends as required under the contract.

Trade stacking: Velez's scheduling led to multiple trades working in the same location at the same time in an inefficient manner.

Delivery Schedule: Velez only allowed deliveries between 6 a.m. and 9 a.m., requiring additional overtime costs.

Elevators: Velez's failure to procure elevators caused delays to Cyan.

Delay: Velez's personnel lacked experience to properly manage project.

**Amount of Claim against Velez for Queens Supreme Court: $1,000,000**

Very Truly Yours,

Karl Silverberg

Exhibit D
**(Letter to Cyan's counsel)**

# ORTIZ & ORTIZ, L.L.P.

### Attorneys at Law
127 Livingston Street
Brooklyn, New York 11201

Frank A. Ortiz
Norma E. Ortiz∗

———————

∗ (Admitted in New York and New Jersey)

Tel. (718) 522-1117
Fax (718) 596-1302
Email@ortizandortiz.com

December 11, 2007

**BY REGULAR MAIL**
Cyan Contracting Corp.
c/o Karl Silverberg, Esq.
King & King, L.L.P.
27-12 37th Avenue
Long Island City, New York 11101

Re: Andrew Velez Construction, Inc.
06-12765 SDNY, Chapter 11

Your client: Cyan Contracting
Index No. 603084/07

Dear Mr. Silverberg:

This letter is to inform you that the above-referenced debtor filed a chapter 11 bankruptcy on November 22, 2006, with our office; the case number is listed above. You listed the debtor as a defendant in the suit you filed in New York County.

The debtor may not respond to the complaint you served or participate in the action unless directed to do so by order of the bankruptcy court.

If you have any questions, please do not hesitate to contact our office.

Very truly yours,

Norma E. Ortiz

cc: Elizabeth Velez, V.P.

Exhibit E
**(Claim Number 33 - New York City Partnership Housing Development)**

| UNITED STATES BANKRUPTCY COURT __SOUTHERN__ DISTRICT OF __New York__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>Andrew Velez Construction, Inc. | Case Number<br>06-12765(MG) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>NYC Housing Partnership Dev. Fund Corp. | □ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | |
|---|---|---|
| Name and address where notices should be sent:<br>Shelia Martin<br>Housing Partnership Dev. Corp.<br>460 7th Ave., Suite 2401, New York, NY 10123<br>Telephone number: (646) 217-3370 | □ Check box if you have never received any notices from the bankruptcy court in this case.<br>□ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | Check here □ replaces<br>if this claim □ amends    a previously filed claim, dated:_____ | |

| 1.  Basis for Claim | | |
|---|---|---|
| □ Goods sold | □ Personal injury/wrongful death | □ Wages, salaries, and compensation (fill out below) |
| □ Services performed | □ Taxes | Last four digits of your SS #:____ |
| | | Unpaid compensation for services performed |
| □ Money loaned | □ Retiree benefits as defined in 11 U.S.C. § 1114(a) | |
| | ✔ Other__Court Judgment__ | From _____ to _____<br>        (date)          (date) |

| 2.  Date debt was incurred:<br>03/03/2006 | 3.  If court judgment, date obtained:<br>09/18/2007 |
|---|---|

4.  **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time the case was filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $____1,431,048.00____

✔ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

**Secured Claim**

□ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
□ Real Estate          □ Other_____
□ Motor Vehicle

Value of Collateral: $_____

**Unsecured Priority Claim**

□ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

Specify the priority of the claim:

□ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $10,950,* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

□ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

□ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

□ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

□ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 5.  Total Amount of Claim at Time Case Filed: | $ 1,698,103.17 | | | 1,698,103.17 |
|---|---|---|---|---|
| | (unsecured) | (secured) | (priority) | (total) |

✔ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6.  **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7.  **Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8.  **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

SEP 2 8 2007

| Date<br>Sep. 26, 2007 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*Shelie Martin*  vice president | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

3. **Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim:**
Secured Claim:
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was

filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

Unsecured Priority Claim:
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

Unsecured Nonpriority Claim:
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

5. **Total Amount of Claim at Time Case Filed:**
Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

6. **Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

7. **Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------- x
                                         :

NYC PARTNERSHIP HOUSING DEVELOPMENT FUND      :    Index No.: 603419/2006
COMPANY, INC.,                                               :
                                                  :
                           Plaintiff,            :
                                                  :    **JUDGMENT**
                     - against -              :
                                                      :

MELROSE PLACE HOUSING CORP., d/b/a VELEZ           :
CORPORATION,                                                :
                                                  :
                           Defendant.           :
                                                  :
---------------------------------------------------------------------- x

        The issue of liability in this action having been duly determined on a Motion for Default

Judgment by Order dated June 26, 2007 by the Honorable Shirley Werner Kornreich, J.S.C., Part

54 of the Supreme Court of the State of New York held in and for the County of New York at the

Courthouse at 60 Centre Street, New York, New York 10007;

        And by Order dated June 26, 2007 by the Honorable Shirley Werner Kornreich, the issue

of damages was referred to IA Part 50 R for assignment to a Special Referee to hear and

determine;

        And the issue of damages was assigned to Special Referee Nicholas Doyle on September

18, 2007, and the hearing was held on the same date;

        And the Plaintiff having appeared by its attorneys, Nixon Peabody LLP;

        And on September 18, 2007, the Special Referee having entered a Report, Decision and

Order for the Plaintiff granting judgment as against the Defendant, in the sum of $1,431,048,

together with statutory interest from September 1, 2005, as calculated by the Clerk of the Court,

together with costs and disbursements to be taxed by the Clerk;

NOW, on motion of Plaintiff's attorneys Nixon Peabody LLP it is:

~~ORDERED AND~~ ADJUDGED, that Plaintiff recovers from Defendant the sum of (A) has judgment (B)

$1,431, 048.00, with interest thereon from September 1, 2005 in the amount of $ 266,410.17 as by the clerk

together with costs and disbursements taxed in the amount of $ 645.00, for a grand total of

X $ 1,481,103.17, and let Plaintiff have execution therefore.

JUDGMENT SIGNED THIS ___26th___ DAY OF SEPTEMBER, 2007

_Norma Goo_

~~_____~~ CLERK

**FILED**

SEP 26 2007

**COUNTY CLERK'S OFFICE
NEW YORK**

(A) NYC Partnership Housing Development Fund Company, Inc
located at 450 Seventh Avenue, Suite 2401,
New York, New York 10123

(B) Melrose Place Housing Corp., d/b/a Velez Corporation,
located at 2 Park Avenue, 4th Floor
New York, New York 10016

COUNTY OF NEW YORK

NYC PARTNERSHIP HOUSING DEVELOPMENT
FUND COMPANY, INC.

*Plaintiff(s)*

*against*

MELROSE PLACE HOUSING CORP., d/b/a VELEZ CORP.

*Defendant(s)*

Index No.: 603419/2006

**Costs of**

| COSTS | $ | |
|---|---|---|
| Costs before note of issue ............... CPLR §8201 subd. 1 | 200 | 00 |
| Costs after note of issue ............... CPLR §8201 subd. 2 | | |
| Trial of issue ............... CPLR §8201 subd. 3 | | |
| Allowance by statute ............... CPLR §8302(a), (b) | | |
| Additional allowance ............... CPLR §8302 (d) | | |
| Motion costs ............... CPLR §8202 | 100 | 00 |
| Appeal to Appellate Term ............... CPLR §8203 (b) | | |
| Appeal to Appellate Division ............... CPLR §8203 (a) | | |
| Appeal to Court of Appeals ............... CPLR §8204 | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | |

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ __645.00__

SEP 26 2007

*Norma Mon*

**CLERK**

**DISBURSEMENTS**

| | | $ |
|---|---|---|
| Fee for index number CPLR §8018(a) | 210.00 | 190 |
| Referee's fees CPLR §8301(a)(1), 8003(a) | | |
| Commissioner's compensation CPLR §8301(a)(2) | | |
| Clerk's fee, filing notice of pend. or attach. CPLR §8021(a)(10) | | |
| Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) | | |
| Paid for searches CPLR §8301(a)(10) | | |
| Affidavits & acknowledgments CPLR §8009 | | |
| Serving copy summons & complaint CPLR §8011(h)(1), 8301(d) | 55. | |
| Request for judicial intervention | 95. 0 | |
| Note of issue CPLR §8020(a) | | |
| Paid referee's report CPLR §8301(a)(12) | | |
| Certified copies of papers CPLR §8301(a)(4) | | |
| Satisfaction piece CPLR §5020(a), 8021 | | |
| Transcripts and filing CPLR §8021 | | |
| Certified copy of judgment CPLR §8021 | | |
| Postage CPLR §8301(a)(12) | | |
| Jury fee CPLR §8020(c) | | |
| Stenographers' fees CPLR §8002, 8301 | | |
| Sheriff's fees on execution CPLR §8011, 8012 | 40. | |
| Sheriff's fees, attachment, arrest, etc. CPLR §8011 | | |
| Paid printing cases CPLR §8301(a)(6) | | |
| Clerk's fees Court of Appeals CPLR §8301(a)(12) | | |
| Paid copies of papers CPLR §8016(a)(4) | | |
| Motion expenses. CPLR §8301(b) | <45. | |
| Fees for publication CPLR §8301(a)(3) | | |
| Serving subpoena CPLR §8011(h)1, 8301(d) | | |
| Paid for Search CPLR §8301(a)(10) | | |
| Referee's report | | |
| Attendance of witnesses CPLR §8001(a)(b)(c), 8301(a)(1) | | |

**FILED**

SEP 26 2007

**COUNTY CLERK'S OFFICE
NEW YORK**

| | | | |
|---|---|---|---|
| Costs | 200.00 | $ 300 | 00 |
| Disbursements | 445.00 | 190 | 50 |

445.00

Exhibit F
**(N.Y.S. Department of State Division of Corporation Entity Information)**

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: ANDREW VELEZ CONSTRUCTION, INC.
Selected Entity Status Information

**Current Entity Name:** ANDREW VELEZ CONSTRUCTION, INC.
**Initial DOS Filing Date:** DECEMBER 27, 1988
**County:** NASSAU
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information
**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
DASIL E VELEZ ESQ
74-16 GRAND AVE
ELMHURST, NEW YORK, 11373
**Chairman or Chief Executive Officer**
ANDREW VELEZ
74-16 GRAND AVE
ELMHURST, NEW YORK, 11373
**Principal Executive Office**
VELEZ ORGANIZATION
74-16 GRAND AVE
ELMHURST, NEW YORK, 11373
**Registered Agent**
NONE

This office does not require or maintain
information regarding the names and addresses of
officers, shareholders or directors of a corporation.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| DEC 27, 1988 | Actual | ANDREW VELEZ CONSTRUCTION, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

## Entity Information

---

Selected Entity Name: MELROSE PLACE HOUSING CORPORATION
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | MELROSE PLACE HOUSING CORPORATION |
| **Initial DOS Filing Date:** | JUNE 16, 1992 |
| **County:** | SUFFOLK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | INACTIVE - Dissolution by Proclamation / Annulment of Authority (Mar 31, 2004) |

Information to reinstate a corporation that has been dissolved by proclamation or annulment of authority by proclamation is available on the New York State Department of Taxation and Finance website at www.tax.state.ny.us keyword TR-194.1 or by writing to NYS Department of Taxation and Finance, Reinstatement Unit/Bldg-8, Rm #958, W.A. Harriman Campus, Albany, NY 12227 or by telephone at 1-800-972-1233

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

DASIL E VELEZ ESQ
475 PARK AVE S
16TH FL
NEW YORK, NEW YORK, 10016

### Chairman or Chief Executive Officer

ANDREW VELEZ
3500 5TH AVE
STE 5320
NEW YORK, NEW YORK, 10118

### Principal Executive Office

VELEZ ORGANIZATION
3500 5TH AVE
STE 5320
NEW YORK, NEW YORK, 10118

### Registered Agent

NONE

This office does not require or maintain
information regarding the names and addresses of
officers, shareholders or directors of a corporation.

**\*Stock Information**

**# of Shares Type of Stock $ Value per Share**
200            No Par Value

\*Stock information is applicable to domestic business corporations.

**Name History**

**Filing Date  Name Type               Entity Name**
JUN 16, 1992 Actual        MELROSE PLACE HOUSING CORPORATION

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in
New York State. The entity must use the fictitious name when conducting its activities or business in
New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page

Exhibit G
**(Letter to NYCPHD's Counsel)**

# ORTIZ & ORTIZ, L.L.P.

## Attorneys at Law
127 Livingston Street
Brooklyn, New York 11201

Frank A. Ortiz
Norma E. Ortiz∗
_____

∗ (Admitted in New York and New Jersey)

Tel. (718) 522-1117
Fax (718) 596-1302
Email@ortizandortiz.com

March 29, 2007

**BY REGULAR MAIL**
Adam Gilbert, Esq.
Jill R. Cohen, Esq.
Nixon Peabody, LLP.
437 Madison Avenue
New York, New York 10022

Re:  NYC Partnership Housing Develop.
vs. Melrose Place Housing Corp.
<u>Index No. 06-603419</u>

Dear Mr. Gilbert:

My firm filed a voluntary chapter 11 bankruptcy petition on behalf of Andrew Velez Organization, Inc. ("Velez"), on November 22, 2006, in the Southern District of New York. We received a copy of the Summons and Complaint filed against them. Please cease all activity against Velez and abide by the terms of 11 U.S.C. §362.

Please contact me if you have any questions.

Very truly yours,

Norma E. Ortiz

cc: All Defendants